## HOBSON *versus* WATSON *& al.*

The lien for fees and disbursements, which an attorney has upon his client's interest in the subject matter of a suit, does not accrue until the judgment is entered.

It is not requisite, that an attorney, in order to perfect his lien upon the judgment, should give notice to the judgment debtor of his intent to retain it.

The attorney's lien is an ownership in the property of the judgment, and of the same efficiency, as would be created by an assignment of the judgment for collateral security, and entitles to the same remedies for its enforcement.

An arrest is one of the modes allowed for its enforcement.

A bond given pursuant to the statute for a release from the arrest, is a substitute for the custody of the debtor.

The property in the bond belongs to the several owners of the judgment, and any such owner may use the name of the obligee for the collection of it.

A judgment upon such a bond operates, to the amount recovered, as a discharge of the original judgment.

The lien which the attorney had upon the original judgment attaches to the bond, and cannot be defeated by the creditor's discharge of it.

In order that the surety in a poor debtor's relief bond should be held liable for the attorney's lien on the judgment and execution, upon which the bond arose, notwithstanding a discharge by the judgment creditor, if it be necessary that the surety have knowledge of the lien, *it seems,* that such knowledge, acquired, *pending the suit,* is sufficient.

ON FACTS AGREED.

DEBT against principal and surety on a poor debtor's relief bond, taken on execution issued upon a judgment for cost.

Within the six months prescribed in the bond for the performance of its conditions, the judgment creditor received payment of the judgment, interest and expenses, and discharged both the *judgment* and the *bond.* After the giving of that discharge, the attorney, who had aided in obtaining the judgment, brought this action, to recover the amount of his fees and disbursements, being something more than half of amount of the judgment, for which he claims a lien on the *bond.*

*L. De'M. Sweat,* who had been attorney to the judgment creditor, *pro sese.*

*McArthur,* for the defendants.

The attorney's lien upon the *judgment* is not controverted, neither do we pretend that his remedy upon the *judgment* is impaired by the creditor's discharge of it.

But the lien never extended to the bond, which was given exclusively to the creditor. In the bond the attorney had no rights, and consequently the creditor's discharge of it is effectual. *Grimes* v. *Turner,* 16 Maine, 353 ; *Storer* v. *Hyde,* 22 Maine, 318.

The suit upon the bond creates new parties, not known in the original judgment. A recovery upon it would create a liability never contemplated by either of the parties. R. S. chap. 148, sect. 20.

The surety cannot be presumed to have subjected himself to any liability, except, that the principal should faithfully perform the condition, to the creditor, to whom the bond was expressly given. If any relative obligation to the attorney can be claimed, it should have been asserted, and brought home by formal notice to the surety.

WELLS, J. — The statute, chap. 117, sect. 37, recognizes the existence of a lien upon the judgment in favor of the attorney in the suit, for his fees and disbursements. It does not accrue until judgment is entered. *Potter* v. *Mayo*, 3 Greenl. 34. By the English rule, to perfect his lien, the attorney must give notice to the defendant that he claims it. *Welsh* v. *Hale*, Doug. 238 ; *Read* v. *Dupper*, 6 T. R. 361. But our statute does not require that the attorney should give notice of his intention to rely upon his lien in order to retain it against the discharge of the creditor. *Gammon* v. *Chandler*, 30 Maine, 152. The statute creates the lien without such notice of a design to enforce it. A knowledge of its existence is sufficient. It is not contended in this case, that the debtor was ignorant that an attorney was employed to prosecute the suit against him, or that he had not a valid lien upon the judgment, but that the surety on the bond had not such knowledge. But it does not appear, that the surety has made any payment on the bond, and he is now fully informed of the claim of the attorney. A payment made by the debtor to the nominal creditor, when he was not the real creditor and not the owner of the debt, and known to be such, would not be a performance of one of the conditions of the bond by a payment of the debt. Nor would the payment of the entire debt to a part owner have that effect, when there was knowledge of an equitable interest in another of a portion of it.

Does the lien extend to the bond in suit, and embrace it ? The attorney has an interest in the judgment to the amount of more than half of it. What is the nature of that interest ? It is a property in it to the extent of such interest, as much so as if the creditor had assigned it to him as collateral security

for his fées and disbursements.. And it being the property of the attorney, he has all the legal incidents, which attach to it, and which by law may arise from it. He could not claim a right to the benefit of any contract made between the creditor and debtor in relation to the mode of satisfying the judgment, when it was voluntarily entered into by them, and not prescribed by law. But the debtor has the right, without the consent of the creditor to give a bond to relieve himself from arrest on the execution. It does not depend upon the will of the creditor. It is a legal incident attached to the judgment and execution. The arrest is one mode authorized by law for the collection of the debt, and the bond is a substitute for the custody of the debtor. The creditor is compensated by the bond for the liberation of the debtor. The bond belongs to the owner of the judgment. If the whole amount due upon the judgment was costs upon which the attorney had a lien, would he not be entitled to the control of the bond? It would be his property in equity, and he would have a right to use the name of the nominal party in a suit upon it.

Nor is there any reason why he should be deprived of this right to the extent of his interest, if his lien was upon less than the whole judgment. There would be a similar necessity for protection to him, when his interest is in a part, as in the whole judgment. Suppose the execution to be satisfied by a levy upon real estate, would not the attorney have an equitable interest in the land to the extent of his lien? Whoever owned a part of the judgment in equity would also own in equity an equal portion of the land, and a court of equity would compel a conveyance from the legal to the equitable owner. The attorney's lien resembles an assignment of a chose in action. In the case of *Martin* v. *Hawks*, 15 Johns. 405, the attorney, who had a lien on the judgment, was held entitled to use the name of the nominal plaintiff for the purpose of maintaining an action against the sheriff for an escape, although the sheriff received a release from the plaintiff for suffering the escape. This decision is upon the principle that such action is one of the fruits of the judgment, which

belong to the attorney and grow out of the lien. It is not apparent why the bond should not be viewed in the same manner.

By the Act of August 11, 1848, chap. 85, sect. 3, it is provided, that in an action founded upon a bond given for release from arrest on execution, if the whole amount due upon the execution be recovered, the new judgment shall operate as a discharge of the execution; if only a part of the amount be recovered, the new judgment shall operate as a discharge of such part. So that when the whole amount of the execution is recovered in an action on the bond, unless the lien runs with the bond, it would be lost, and its operation upon a part discharged would also be defeated. But there is no reason to suppose, that the Legislature intended to take away the lien for the costs in the first action, and if it remains, it must follow the bond and become attached to the judgment on the bond, the latter judgment taking the place of the former. If then the lien follows the bond as an incident of the first judgment, and remains with the bond, the creditor cannot discharge it to the prejudice of the attorney's lien. And such appears to be the force and effect, which ought to be given to it. The conclusion is, that this action can be maintained for the amount of the attorney's lien, the amount of which is agreed upon by the parties, notwithstanding the acknowledgment of satisfaction of the judgment and bond made by the plaintiff. *Defendants defaulted.*

NOTE. — TENNEY, J. was not present at the argument, and took no part in the decision.