## LOWN, Trustee, v. CASSELMAN.

### (141 N. W. 73.)

An attorneys' lien was filed against a judgment entered, and the clerk indorsed upon the judgment docket the words, "attorney's lien for $300, claimed by C. J. Murphy, attorney for plaintiff." The judgment debtor then filed a pe-

Note.—For an extensive discussion of the subject of liens of attorneys, see notes in 51 Am. St. Rep. 251 and 31 Am. Dec. 755.

tition in voluntary bankruptcy. He scheduled Lown as a judgment creditor, but did not list or mention Murphy's attorney's lien in his schedule of debts. Murphy received no notice of the bankruptcy proceedings, and did not participate in them. The usual discharge in bankruptcy was entered in the Federal court. The bankrupt, C., exhibiting the discharge, applied for an order discharging the judgment of record. The court denied a discharge as to the por- tion of the judgment to the amount of the attorney's lien, $300 and interest, from which order C. appeals. *Held:*—

**Attorneys — lien — bankruptcy — notice of — discharge — statute — docket entry.**

(1) The attorney's lien was valid, and the docket entry thereof was a sufficient compliance with this statute.

**Lien — attorneys — judgment — assignment.**

(2) The lien constituted an equitable assignment to that amount of the judgment.

**Judgment creditor — lien — docketing — notice.**

(3) The interest of Murphy in the judgment was not discharged by the bankruptcy proceed'·gs.

**Judgment — attorney's lien — discharge — bankruptcy.**

(4) C., the judgment debtor since the date of the docketing of the attorney's lien, has had notice imputed to him of the lien and Murphy's interest thereunder.

**Right to lien — bankruptcy — judgment — discharge.**

(5) Bankruptcy did not bar the lienor's right to use the judgment to collect his lien, and the trial judge properly refused to discharge that portion of the judgment covered by the lien.

Opinion filed March 27, 1913.

An appeal from the District Court for Grand Forks County; *Templeton,* J.

Affirmed.

*W. J. Mayer,* for appellant.

An entry in the judgment docket opposite the judgment, of an attorney's lien, is ineffectual to create the statutory lien provided. Rev. Codes 1905, § 6293.

Attorneys' liens are creatures of the statute, and may only be claimed as by statute provided. Rev. Codes 1905, §§ 6293, 6724; 26 Am. & Eng. Enc. Law, p. 671; Deeters v. Clarke, 23 S. D. 298, 121 N. W.

788; Alderman v. Nelson, 111 Ind. 255, 12 N. E. 394; Day v. Bowman, 109 Ind. 383, 10 N. E. 126; Lavender v. Atkins, 20 Neb. 206, 29 N. W. 467; Kreuzen v. 42d Street M. & St. N. Ave. R. Co. 38 N. Y. S. R. 461, 13 N. Y. Supp. 588; Wooding v. Crain, 11 Wash. 207, 39 Pac. 442; Colorado State Bank v. Davidson, 7 Colo. App. 91, 42 Pac. 687; 29 Cyc. p. 1118, and cases cited. Re Scoggin, 5 Sawy. 551, Fed. Cas. No. 12,511.

Statutory liens have no extraterritorial operation. 19 Am. & Eng. Enc. Law, p. 24.

The judgment debt, against which the attorney's lien was sought to be placed, was discharged. Bankruptcy act, § 7, cl. 8; Loveland, Bankr. p. 654.

A lien expires with the destruction of the property to which it attaches. 19 Am. & Eng. Enc. Law, p. 34; Clark v. Sullivan, 3 N. D. 280, 55 N. W. 733, distinguished.

*Murphy & Duggan,* for respondent.

The proper filing of the attorney's lien against the judgment debt constituted an assignment of the judgment, to the extent of the amount of the lien. Clark v. Sullivan, 3 N. D. 280, 55 N. W. 733.

The holder of an attorney's lien has property in the judgment, the same as though the judgment creditor had assigned the judgment to him as security. It is the attorney's property in equity. Hobson v. Watson, 34 Me. 20, 56 Am. Dec. 632; Newbert v. Cunningham, 50 Me. 231, 79 Am. Dec. 612; Martin v. Hawks, 15 Johns. 405; Wilkins v. Batterman, 4 Barb. 48; Warfield v. Campbell, 38 Ala. 527, 82 Am. Dec. 724; Ely v. Cooke, 28 N. Y. 365; Perry v. Chester, 53 N. Y. 240; Marshall v. Meech, 51 N. Y. 140, 10 Am. Rep. 572; Rooney v. Second Ave. R. Co. 18 N. Y. 368; Hroch v. Aultman & T. Co. 3 S. D. 477, 54 N. W. 269; Brainard v. Elwood, 53 Iowa, 30, 3 N. W. 799; Winslow v. Central Iowa R. Co. 71 Iowa, 197, 32 N. W. 330; Stoddard v. Lord, 36 Or. 412, 59 Pac. 710; Wright v. Wright, 70 N. Y. 98; Pirie v. Harkness, 3 S. D. 178, 52 N. W. 581; McClain's Code, Sec. 4159; 4 Cyc. 1005.

To the extent of his services, an attorney is regarded as an equitable assignee of the judgment. Mosely v. Norman, 74 Ala. 422; Ex parte Lehman, 59 Ala. 631; Terney v. Wilson, 45 N. J. L. 282; Rooney v. Second Ave. R. Co. 18 N. Y. 368; Ex parte Plitt, 2 Wall. Jr. 453,

Fed. Cas. No. 11,228; Leighton v. Serveson, 8 S. D. 350, 66 N. W. 938.

The lien operates as an equitable assignment of so much of the judgment as will satisfy it, and the attorney is subrogated to the rights of his client to that extent. Coombe v. Knox, 28 Mont. 202, 72 Pac. 641; McGregor v. Comstock, 28 N. Y. 237; Fider v. Mannheim, 78 Minn. 309, 81 N. W. 2; Dreiband v. Candler, 166 Mich. 49, 131 N. W. 129; Rev. Codes. 1905, Sec. 6293; 4 Cyc. 1010–1021.

Goss, J. On June 17, 1902, a judgment was entered in this action by Lown, trustee, as plaintiff, against Casselman, defendant. It was the conclusion of considerable litigation. On the day after its entry the attorney of record, C. J. Murphy, filed an attorney's lien for costs advanced and fees due him from the plaintiff for the aggregate sum of $300. This lien was entitled in the action and filed, and the clerk of the district court then made a notation and docket entry upon the judgment docket that an "attorney's lien for $300, claimed by C. J. Murphy, attorney for plaintiff." The judgment debtor, Casselman, was discharged in voluntary bankruptcy on August 1, 1903. In scheduling his debts, the petitioner for bankruptcy listed the judgment and the name of the judgment creditor, Lown, the date and place of entry of the judgment, but made no reference to the attorney's lien filed against the judgment, or of the interest thereunder of C. J. Murphy, the judgment lienor; and the record discloses no notice had by Murphy of the bankruptcy proceedings, nor any participation by him in them. About eight years thereafter, in August, 1911, hearing was had in district court on the motion of Casselman, judgment debtor and bankrupt, to have entered an order discharging the judgment of record. On this hearing C. J. Murphy appeared and resisted the discharge of that portion of the judgment covered by his lien for $300, and interest at 7 per cent per annum from 1902. The trial judge sustained Mr. Murphy's interest to that extent in the judgment, and denied the application to have the entire judgment discharged, but directed the clerk to enter a discharge of that portion of the judgment in excess of said claim of $300, and interest. The trial court treated the attorney's lien as an assignment to the amount thereof of the judgment to the attorney for

the judgment creditor. From this order the judgment debtor, Cassel-man appeals.

He urges for our consideration five assignments of error. The first error assigned is that "no attorney's lien was ever acquired, because the entry in the docket opposite the judgment was wholly ineffectual to create the statutory lien provided for by § 6293 of the Revised Codes." He contends that this lien is filed under both subdivisions 3 and 4 of § 6293, Rev. Codes 1905, reading: "An attorney has a lien for a general balance of compensation in and for each case upon:

3. "Money due his client in the hands of the adverse party, or attorney of such party, in an action or proceeding in which the attorney claiming the lien was employed from the time of giving notice in writing to such adverse party, or the attorney of such party, if the money is in the possession or under the control of such attorney, which notice shall state the amount claimed and in general terms for what services;" and—

4. "After judgment in any court of record, such notice may be given, and the lien made effective against the judgment debtor by entering the same in the judgment docket opposite the entry of the judgment."

Appellant contends that no actual notice under subdivision 3, above quoted, was given him, and that the lien is invalid. Sufficient answer to this is that the lien was not perfected, nor is it claimed under the provisions of subdivision 3, but instead was an attorney's lien claimed and entered after judgment under a substantial compliance with the provisions of subdivision four. This portion of the statute provides that the entering of the lien in the judgment docket opposite the entry of the judgment shall make the lien effective as against the judgment debtor, and as to him shall constitute sufficient notice. This also disposes of the second and third assignments of error depending thereon.

Under his fourth assignment he urges that "the lien provided for by the Code, even though intended to attach to the debt or chose in action, the right of the judgment creditor to be paid could not attach to a debt the situs of which was extraterritorial." It is immaterial where the parties to the judgment reside, or where may exist the "right of the judgment creditor to be paid," that is, receive payment for the judgment. The judgment is here, and we are dealing with its discharge, a matter entirely separate from the situs of the debt or any law

concerning the place of payment of the debt. The discharge is not a payment, and is governed by the law of the forum controlling the judgment. See Cosgrove v. McAvay, 24 N. D. 343, 139 N. W. 693.

The fifth assignment made is that, "all the points being conceded to the respondent, the lien could not in any event survive the extinction of the judgment resulting from the judgment debtor's discharge in bankruptcy." To be sound, this must assume that the judgment remained the chose in action or claim of the judgment creditor trustee. The judgment was scheduled as the property of the original judgment creditor. Conceding regularity of proceedings leading to the discharge as to any claim under the judgment Lown may have as against the judgment debtor, Casselman, in bankruptcy, no proceedings have been had as against any right or interest Murphy may have in the judgment under his attorney's lien. And here is found the principal contention between the parties. Appellant urges that under the statutory definition of lien, as defined by § 6123, Rev. Codes 1905, providing that "a lien is a charge imposed upon specific property by which it is made security for the performance of an act," considered with § 6133, Rev. Codes 1905, providing "notwithstanding an agreement to the contrary a lien or contract for a lien transfers no title to the property subject to the lien," and § 6135, Rev. Codes 1905, providing "the creation of a lien does not of itself imply that any person is bound to perform the act for which the lien is security," construed together with the principle of law that "a lien expires with the destruction of the property to which it attaches," an attorney's lien under § 6293 cannot operate to pass title or ownership or any equitable interest in and to the judgment itself. That, therefore, the judgment must remain the property of the judgment creditor, subject merely to a charge being imposed against the proceeds thereof should a collection of a judgment be had. And, in the absence of the judgment thus being reduced to a mere money claim, no interest of the attorney attaches; and the judgment being the property and the claim of the judgment creditor until such collection, it was satisfied by the discharge in bankruptcy as a claim in its entirety existing by Lown trustee against the bankrupt or his estate in bankruptcy. Such is the appellant's reasoning, but unfortunately for him it is not supported by the weight of authority. All the principles so involved in arriving at such a conclusion have been, by this court, concluded

against appellant by the case of Clark v. Sullivan, 3 N. D. 280, 55 N. W. 733. There it was held that "the rights of the attorney under his lien are those of an equitable assignee;" and again, "the attorney, being regarded as an equitable assignee of the judgment, has a right to the same remedial processes as his client to obtain satisfaction to the extent of his lien." In Coombe v. Knox, 28 Mont. 202, 72 Pac. 641, speaking of a similar statutory attorneys' lien, that court says: "The lien granted by the statute operates as an equitable assignment of so much of the judgment as will satisfy the lien, and, for the purpose of securing payment, subrogates the attorney to the right of his client to that extent;" following Clark v. Sullivan, supra, and citing Leighton v. Serveson, 8 S. D. 350, 66 N. W. 938, and Stoddard v. Lord, 36 Or. 412, 59 Pac. 710, both of which cases also cite and follow Clark v. Sullivan. See also 4 Cyc. 1005, reading: "The charging lien of an attorney is an equitable right to be paid for his services out of the proceeds of the judgment obtained by his labor and skill. To the extent of such services he is regarded as an equitable assignee of the judgment," citing many cases. And such is the well-settled law. Since the time of filing of this lien in 1902, the attorney has been the equitable assignee and to that extent owner of this judgment to the amount of $300, and interest accruing, and of which, under Clark v. Sullivan, the docket record of the judgment constituted notice. Construing subdivision 4 of § 6293, the court there said: "It only remains to be considered whether the entry of the lien in the judgment docket constituted notice to him [judgment debtor]. When we examine the statute we find that it limits to the judgment debtor the effect of this entry as notice. It says that by this entry the lien is made effective against the judgment debtor. It is apparent that the statute does not mean that any lien is created against the judgment debtor, or against his property, but merely that the entry of the notice constitutes notice to him, so that he cannot thereafter disregard the interest of the attorney in the moneys which he (the debtor) owes the client." So that at all times during the bankruptcy proceedings the bankrupt and his trustee in bankruptcy have had imputed notice of the interest of the attorney in the judgment concerned. No steps were taken to discharge the attorney's interest therein, which interest amounted to a claim against the judgment debtor and the right to use the judgment as the means of

its enforcement. As to Lown bankruptcy had removed the remedy, leaving his claim against the bankrupt unenforceable, and to that extent only has the judgment been discharged. But the portion of the debt and judgment belonging to C. J. Murphy remains intact and unaffected by the bankruptcy proceedings.

Accordingly, the order of the trial court was proper and is in all things affirmed. Respondent will recover costs on this appeal.