MURPHY v. CASSELMAN and The United States Fidelity & Deposit Company, of Baltimore, Maryland.

(141 N. W. 75.)

**Judgment — real estate — sale on execution — moot questions.**

*Held* that the decision of this court in Lown v. Casselman, ante, 44, 141 N. W. 73, defendant and appellant, sustaining an attorney's lien against a judgment collected pending this suit, by an execution sale of real estate subsequently redeemed by Casselman, renders moot the questions involved in this appeal; and the claim in litigation having thus been paid, the lower court is directed to enter satisfaction of the judgment appealed from.

Opinion filed March 27, 1913.

An appeal from an order of the District Court for Grand Forks County; *Templeton,* J.

*W. J. Mayer,* for appellants.

The mere fact of the execution of a bond such as is set forth in this action, without showing acceptance and breach, creates no liability against the obligors. The bond is not in conformity with the Code, in that it imposes conditions not recognized by law. 19 Am. & Eng. Enc. Law, 607–610; 24 Am. & Eng. Enc. Law, 211.

To be valid and enforceable, a bond in such a case must conform to the statute in subject-matter. 4 Am. & Eng. Enc. Law, 667 & 668; 5 Cyc. 747 et seq.; Johnson v. Dun, 75 Minn. 533, 78 N. W. 98; Keith County v. Ogalalla Power & Irrig. Co. 64 Neb. 35, 89 N. W. 375; 20

Enc. Pl. & Pr. 1215; 3 Enc. Pl. & Pr. 30; 1 Enc. Pl. & Pr. 983; Dennis v. Nelson, 55 Minn. 144, 56 N. W. 589; Rev. Codes, 1905, Sec. 6294.

An attorney cannot enjoy his right to a lien without strict compliance with the statute giving the right. Rev. Codes 1905, § 6293; Alderman v. Nelson, 111 Ind. 255, 12 N. E. 394; Day v. Bowman, 109 Ind. 383, 10 N. E. 126; Lavender v. Atkins, 20 Neb. 206, 29 N. W. 467; Kreuzen v. 42d Street M. & St. N. Ave. R. Co. 38 N. Y. S. R. 461, 13 N. Y. Supp. 588; Wooding v. Crain, 11 Wash. 207, 39 Pac. 442; Colorado State Bank v. Davidson, 7 Colo. App. 91, 42 Pac. 687; 26 Am. & Eng. Enc. Law, 671; 36 Cyc. 180, ¶ 6.

The notice of lien required by statute must be signed, unless it is delivered by the person claiming the lien. 29 Cyc. 1118, and cases cited. Colorado State Bank v. Davidson, 7 Colo. App. 91, 42 Pac. 687.

There can be no lien without property upon which it can attach. 19 Am. & Eng. Enc. Law, 24.

A creditor is one who owns a demand provable in bankruptcy. Bankruptcy act, § 1, Subdiv. 9.

A lien is a charge upon specific property as security for the performance of an act. Rev. Codes 1905, § 6133.

A lien, or contract for a lien, transfers no title to the property subject to it. Rev. Codes 1905, § 6133.

A lien expires with the destruction of the property to which it attaches. 19 Am. & Eng. Enc. Law, 34.

*Murphy & Duggan,* for respondent.

Where a discharge in bankruptcy is legally entered, the indebtedness of the bankrupt is not extinguished; the remedy is lost, but the moral obligation remains. Citizens' Loan Asso. v. Boston & M. R. Co. 196 Mass. 528, 14 L.R.A.(N.S.) 1027, 124 Am. St. Rep. 584, 82 N. E. 696, 13 Ann. Cas. 365; Champion v. Buckingham, 165 Mass. 76, 42 N. E. 498.

The costs incidental to and necessarily incurred in proceedings to enforce an attorney's lien become a part of the lien, and should be allowed. Newbert v. Cunningham, 50 Me. 231, 79 Am. Dec. 612.

Goss, J. Because of matters occurring subsequent to judgment appealed from in this case, as this court understands the record of other proceedings of which it will take judicial notice, the matters now pending on this appeal are wholly moot.

During the pendency of this appeal, and the appeal in the companion case of Lown v. Casselman, ante, 44, 141 N. W. 73, motions were made by the respondents, by attorney C. J. Murphy, the real party in interest under an attorney's lien in the matter before us, to dismiss the appeals in both cases, including this appeal, for the reason that collection had been made by him under execution in the judgment involved in Lown v. Casselman (see 24 N. D. 342, 139 N. W. 804) of the full amount in litigation. This lien claim so-called was the subject-matter also of the present action against Casselman and his bondsmen, who furnished a bond under which the discharge of record of said litigated attorney's lien was made under the provisions of § 6294. So that in lieu of plaintiff Murphy's attorney's lien there was substituted, under the provisions of § 6294, the bond sued upon in this case of Murphy v. Casselman, as principal, and the United States Fidelity and Deposit Company, of Baltimore, Maryland, as surety. Murphy's motion to dismiss was denied. He had procured execution to be issued in the action entitled Lown v. Casselman, and levied upon real estate of Casselman, under which levy sale was had for the full amount of the attorney's lien and accruing costs; but the property so sold was redeemed by Casselman, which redemption was held in Murphy v. Casselman, 24 N. D. 336, 139 N. W. 802, not to constitute a voluntary payment of the judgment, and hence did not render moot the questions submitted for decision in that pending appeal. See also decision on motion in Lown v. Casselman, 24 N. D. 342, 139 N. W. 804. But subsequently Lown v. Casselman was decided by this court on the merits in favor of the respondent, sustaining the order made by the lower court to the effect that the judgment had been unaffected by the bankruptcy proceedings to the extent of $300, and interest, the amount of the attorney's lien claimed of C. J. Murphy, and which, with costs, had been collected under the execution sale of Casselman's real estate, and which amount was received by Murphy upon the redemption so made. This action of Murphy v. Casselman and the bonding company was begun to recover the same lien interest ($300 and interest) for which the execution sale has been had

since rendition of the judgment appealed from. The plaintiff evidently did not desire to rely wholly upon his right to recover in the other action, and so prosecuted this that he might be doubly sure and collect in any event. Under the decision on the merits in Lown v. Casselman, 24 N. D. 342, 139 N. W. 804, in which he was the real party in interest, his contentions have been sustained, and the collection made under the execution against Casselman's property has accordingly been determined to have been a valid collection. This must operate to satisfy the amount for which judgment was ordered in this action, as well as the judgment satisfied by execution in Lown v. Casselman. There is nothing, therefore, before the court to pass upon, except the question of costs in this case. But it is apparent that the claim or debt upon which the judgment in this case is entered should not be collected twice. From the proceedings had it is also our conclusion that neither party should recover costs in district court or on appeal in this action. It may be that plaintiff was justified in putting the claim in judgment, but if so the result thereof was to make it necessary for appellant to appeal in order to prevent the judgment becoming conclusive. We do not believe that plaintiff would collect the judgment twice for the same debt, but took these steps rather as a business precaution. It appearing that the judgment has been paid since entry by the proceedings had as above stated, the judgment appealed from is ordered to be satisfied of record. Neither party will recover costs on this appeal.