In re James D. REINHARDT, Debtor.

Phillip D. ARMSTRONG, Trustee of the Estate of James D. Reinhardt, Plaintiff,

v.

JONATHAN C. EATON, NEVIN VAN de STREEK, AND MICHAEL WARD LAW FIRM, Defendants.

Bankruptcy No. 85–05312.
Adv. No. 87–7073.

United States Bankruptcy Court,
D. North Dakota.

Dec. 28, 1987.

Phillip D. Armstrong, Minot, N.D., trustee, plaintiff.

Nevin Van de Streek, Minot, N.D., for defendants.

## MEMORANDUM AND ORDER

WILLIAM A. HILL, Bankruptcy Judge.

This matter is before the court on cross motions for summary judgment.

The trustee commenced this adversary proceeding by complaint filed May 29, 1987, wherein he alleges that at the time of filing for relief under the Bankruptcy Code the Debtor was a judgment creditor of an individual who, subsequent to the bankruptcy petition, satisfied the judgment. The trustee is in possession of all sums in satisfaction except for one-third thereof which was retained by the defendant, Jonathan C. Eaton, Nevin Van de Streek, and Michael Ward Law Firm (Law Firm), by virtue of a claimed attorneys' lien. The trustee, relying upon sections 541 and 542(a) of the Bankruptcy Code, claims a paramount interest and demands turnover by the law firm of the balance of $1,964.01. The Law Firm admits liquidation of the judgment occurred post-petition and admits the trustee, by virtue of the bankruptcy filing, had an interest in the judgment. As an affirmative defense it charges, however, that the estate's interest was subordinate to the Law Firm to the extent the firm claims an attorneys' lien under North Dakota state law.

The trustee filed his motion for summary judgment on December 11, 1987 and the Law Firm filed its motion on December 14, 1987. Both parties allege there is no genuine issue as to any material fact. In addition to the main case file, the court has before it the Law Firm's answers to interrogatories which detail the circumstances

of the judgment and the basis for its claim of lien.

Summary judgment is available where the pleadings or other documents on file show there to exist no genuine as to any material fact and where the moving party is entitled to summary judgment as a matter of law. *U.S. v. Porter*, 581 F.2d 698 (8th Cir.1978). The court believes that all essential and material facts are revealed by the main case file as well as the interrogatory answers and that the only remaining issues are of a legal nature. Hence, the case is ripe for disposition by summary judgment.

### Findings of Fact

The Debtor, James D. Reinhardt, and Walter Lindsay entered into a commercial lease by which Lindsay was to pay Reinhardt $300.00 per week as rent and, in addition, pay the real estate taxes. Lindsay vacated the premises on May 15, 1984 at which time he remained indebted to Reinhardt for $5,221.76 for accrued rents, unpaid utilities, insurance and taxes. The Minot law firm of Eaton, Van de Streek and Ward undertook to represent Reinhardt on a one-third contingency basis in an effort to collect these unpaid sums. The suit was brought and on December 14, 1984 default judgment was obtained against Lindsay in the sum of $4,763.18. The judgment docket does not reflect the Law Firm's attorney's lien nor do the bankruptcy schedules reflect an obligation owing to the Law Firm. Reinhardt thereafter filed a Chapter 7 bankruptcy petition on May 23, 1985 and in his original petition neither the obligation owing to the Law Firm nor the Lindsay judgment are revealed. The Law Firm represented the Debtor in his bankruptcy filings and in June 1987 moved on behalf of the Debtor to amend the schedules in order to include the judgment balance less the portion retained by the attorneys in consequence of their fee.

On June 3, 1986 the judgment was satisfied by a payment from Lindsay directly to the Law Firm as Reinhardt's attorney of record. The sum received was $5,602.54 from which the Law Firm retained the sum of $1,964.01 representing their contingency fee plus costs. The balance of $3,638.53 was turned over to the trustee.

### Conclusions of Law

The trustee argues that upon creation of the bankruptcy estate by filing of the petition, the Lindsay judgment *in toto* became an asset of the estate to the exclusion of the Law Firm who is claiming under an unperfected attorney's lien, a lien which is voidable by virtue of section 544(a)(2) of the Bankruptcy Code. The Law Firm charges that perfection by filing a notice of judgment lien is not necessary where, as in the present case, payment was made directly to the lien claimant.

Several provisions of the Bankruptcy Code empower the trustee to avoid liens and transfers. Section 544(a)(2) relied upon by the trustee, empowers him to avoid any transfer that would be voidable by a hypothetical creditor that extends credit to the Debtor at the time of case commencement. Section 545(2) enables the trustee to avoid the fixing of a statutory lien on property of the Debtor to the extent such lien is not perfected or enforceable at the time of case commencement as against a hypothetical bona fide purchaser.

At first blush it appears that the common law with respect to attorney's liens has been supplanted by statute. The North Dakota Supreme Court has held on several occasions that the right of a lien is purely a creature of statute. *Rolla Community Hosp. v. Dunseith Com. N. Home*, 354 N.W.2d 643 (N.D.1984); *Trinity Builders, Inc. v. Schaff*, 199 N.W.2d 914 (N.D. 1972); *Heissinger v. Sorenson*, 180 N.W.2d 910 (N.D.1970); *Quality Builders, Inc. v. Hahn*, 134 N.W.2d 577 (N.D.1965). It is a general principle of law that where liens are governed by law, it is the applicable state statute that determines the nature, extent and validity of the claimed lien. *Meyer v. United States*, 375 U.S. 233, 238, 84 S.Ct. 318, 321, 11 L.Ed.2d 293 (1963). While it is axiomatic that there is no common law in any case where the law is expressly declared by statute, the common law, nonetheless still has effect where

there is no express constitutional or statutory declaration on the subject. *See Union State Bank v. Cook,* 63 B.R. 789 (Bankr.D. N.D.1986) where this court citing *Fitzmaurice v. Fitzmaurice,* 62 N.D. 191, 242 N.W. 526 (1932) and North Dakota Century Code § 1–01–05 said that where there is no express declaration on a particular issue that the common law is useful in determining the nature of interests. In *Fitzmaurice* the court reiterated its long standing position that civil statutes should be construed as continuations, affirmances, modifications, or repeals of basic common law governing principles, and such statutes should be interpreted in light of the common law.

In North Dakota the relevant attorney's lien statute is N.D. Cent. Code § 35–20–08 which provides:

An attorney has a lien for a general balance of compensation in and for each case upon:

1. Any papers belonging to his client which have come into his hands in the course of his professional employment in the case for which the lien is claimed.
2. Money in his hands belonging to his client in the case.
3. Money due his client in the hands of the adverse party, or attorney of such party, in an action or proceeding in which the attorney claiming the lien was employed, from the time of giving notice in writing to such adverse party, or the attorney of such party if the money is in possession or under the control of such attorney, which notice shall state the amount claimed and in general terms for what services. After judgment in any court of record, the notice may be given and the lien made effective against the judgment debtor by entering the same in the judgment docket opposite the entry of the judgment.

North Dakota's attorney lien statute is typical of many state enactments in that it is a composite retaining lien and charging lien statute. Sub-parts 1 and 2 provide for a retaining lien which is essentially nothing more than a possessory lien upon documents and money in possession of the attorney. No notice is required for a retaining lien and it is effective by virtue of the active possession. *McCarty v. Goodsman,* 39 N.D. 389, 167 N.W. 503 (1918). A possessory lien of this type survives bankruptcy and is enforceable as against trustees. *Re Browy,* 527 F.2d 799 (7th Cir. 1976). A retaining lien, however, because it is a possessory lien cannot be enforced against the property in the hands of another nor can it be enforced against a judgment. A charging lien as provided for in sub-part 3 is not dependent upon possession but is founded upon an equitable concern that an attorney be paid out of the judgment he has obtained. *Lown v. Casselman,* 25 N.D. 44, 141 N.W. 73 (1913); *see generally* 7 Am.Jur.2d *Attorneys at Law* § 330; 7A C.J.S. *Attorney and Client* § 35–9.

■ The trustee suggests that the Law Firm's lien is against the judgment and is defective as against his avoiding powers because the requisite statutory notice as spelled out in sub-part 3 was not provided. The charging lien as created by section 35–20–08(3) is, however, a lien upon monies due as opposed to a lien on the judgment itself and is secured before judgment by serving notice upon an adverse party having possession of the money or post-judgment by making an entry in the judgment docket. *Clark v. Sullivan,* 3 N.D. 280, 55 N.W. 733 (1893). The prescribed notices do nothing more nor are they intended to do anything more than to provide notice to the judgment debtor. The Law Firm is correct in its argument that the notice provisions of sub-part 3 are nothing more than private notices to the opposing party and opposing counsel. The case of *Jacobsen v. Miller,* 50 N.D. 828, 198 N.W. 349 (1924) has specifically held that the notice requirement of section 35–20–08(3) is not notice to a third party.

The North Dakota attorney's lien statute as opposed to those of some other states is completely silent as regards the elements necessary to perfect a charging lien as against third parties such as intervening creditors and bona fide purchasers. The Minnesota attorney's lien section plainly re-

quires that a notice of attorney's lien be filed in the same manner as filing of a security interest and the bankruptcy court for that district has held that the failure to perfect by such filing causes the lien to be defeated by the trustee's powers under section 545. *See* M.S.A. § 481.13; *In re Pierce*, 53 B.R. 825 (Bankr.Minn.1985) *aff'd* 809 F.2d 1356 (8th Cir.1987). One court interpreting an attorney's lien statute nearly identical to North Dakota's held that the failure to provide notice to the adverse party was a failure to perfect which rendered the lien claim ineffective both as to the judgment debtor as well as the trustee in bankruptcy. *Kallen v. Litas*, 47 B.R. 977, 984 (D.C.N.D.Ill.1985); *see also In re Nicholson*, 57 B.R. 672 (Bankr.Nev.1986). By implication *Kallen* seems to equate notice to the judgment debtor with notice to third parties which is clearly contrary to the position taken by the North Dakota Supreme Court. The notice requirement of the North Dakota attorney's lien statute is merely notice to the judgment debtor so that he cannot ignore it. As stated by *Lown, supra:*

> It is apparent that the statute does not mean that any lien is created as against the judgment debtor, or against his property, but merely that the entry of the notice constitutes notice to him so that he cannot thereafter disregard the interests of the attorney in the monies which he (the debtor) owes the client.
>
> 25 N.D. 44, 141 N.W. at 75. (quoting *Clark v. Sullivan*, 3 N.D. 280, 55 N.W. 733 (N.D.1893)).

Section 35–20–08(3) does not require notice in order for an attorney's lien to be effective as against a third party and does not necessarily support the contention that an attorney's lien fails as against third parties who do not have notice. In this respect, section 35–20–08(3) is completely deficient as a perfection statute.

■ At common law a charging lien relates back to and is effective from the time the attorney commences his services just as a mechanic's lien is and there is nothing an attorney must do in order to perfect his lien as against third parties. *Matter of Fitterer Engineering Associates, Inc.*, 27

B.R. 878, 880 (Bankr.E.D.Mich.1983). *See* 7 Am.Jur.2d *Attorneys at Law* § 322. Some state charging lien statutes have codified the common law by specifically providing that the attorney's lien arises from commencement of his services. The case of *In re P.D.Q. Copy Center, Inc.*, 27 B.R. 123 (Bankr.S.D.N.Y.1983) construing a New York attorney's lien statute to such effect, said that the lien arose not when the funds were produced but when the attorney began the action and the attorney need not file or record anything to perfect it. Thus, said the court, an intervening bankruptcy trustee cannot defeat the lien because his avoidance powers under sections 544, 545 and 549 are subject to the relation back provision of section 546(b). North Dakota's attorney lien statute does not, as does New York's, specifically provide for relation back and arguendo it may be said that there is no relation back and the lien accrues only from the moment notice of lien is given to the judgment debtor. Such a construction ignores the fact that section 35–20–08(3) notice is to no one except the adverse party. How can such a notice or the lack thereof have any bearing whatsoever upon the extent of the lien? Should the statute's silence be construed as meaning there is no relation back for attorney's liens in North Dakota? Alaska has an attorney's lien statute identical to North Dakota's and despite the lack of a specific relation back provision or a provision requiring public recordation as in Minnesota, courts in that state have held that where there exists an agreement for compensation, the attorney's lien relates back to the commencement of services and is effective as against any third party who claims a right to the funds. *In re Sea Catch, Inc.*, 36 B.R. 226 (Bankr.Alaska 1983); *Phillips v. Jones*, 355 P.2d 166 (Alaska 1960). Observing that the notice provision of the Alaska statute was private in nature, *Phillips* said:

> [A]ttorney lien statutes are to be regarded as remedial and should be liberally construed in aid of the object sought by the legislature, which is to furnish security to attorneys for their efforts by giv-

ing them a lien upon the subject of the action. 355 P.2d at 172.

This court disagrees with the harsh result of *Kallen* and *Nicholson* and believes, in accord with *In re Sea Catch, supra,* that there is nothing inconsistent between section 30–20–08(3) and the relation back of charging liens under common law. The section does not speak to it one way or the other nor does it provide for any means of perfection as against third parties. It simply makes no sense to give an attorney a right to a charging lien and then not provide for any means of perfection as against third party creditors or trustees—*if* perfection by notice were necessary. This court believes the statute's silence on this point can only be interpreted as recognizing the common law principle that as against third parties, an attorney's charging lien is effective from the date the services commenced without any third party notice requirement. Such an application of the common law philosophy on this point does not conflict with the statute itself and indeed compliments it by filling in an obvious gap as regards attorneys' liens. This manner of construction is consistent with *Fitzmaurice, supra.* Moreover, the North Dakota Supreme Court has addressed the specific issue of statutory silence and from those cases this court believes its decision to incorporate common law principles into the North Dakota attorney's lien statute is consistent with the Supreme Court's position. In *Reeves & Co. v. Russell,* 28 N.D. 265, 148 N.W. 654, 658–659 (1914) the argument was advanced that because section 6295 R.C. 1905 recognizing an artisan's lien was silent as to priority that there was no priority because the common law had been replaced by the statute. The issue was whether the fact that a common law lien had been declared by statute rendered all lien rights dependent solely upon the statute without regard to incidents and rights that would exist as an incident to the same lien under common law. The court held that common law lien rights are not defeated by a statute's silence because the Code is a continuation of the common law and the two must be construed together where the Code merely declares a lien already

recognized at common law but is silent on the question of priority. Similar argument was later advanced in *Great American Ins. v. American State Bank,* 385 N.W.2d 460 (N.D.1986) where it was claimed that section 41–03–56(1) of the North Dakota Century Code (U.C.C. § 3–419(1)) displaced the common law for conversion of negotiable instruments and because the statute referred only to a forged endorsement and not a missing endorsement in defining conversion, a missing endorsement would not constitute conversion. The Supreme Court disagreed saying it did not believe the common law of conversion had been displaced by the particular statute but instead supplemented it. It is with similar reasoning that this court believes the charging lien provision of section 35–20–08(3) ought to be supplemented by the common law relation back theory.

Section 546(b) of the Bankruptcy Code provides that the trustee's avoidance power are subject to any law that permits perfection of an interest in property to relate back and be effective against an entity that acquires rights in the property before the date of perfection. *In re Fluge,* 57 B.R. 451, 456 (Bankr.D.N.D.1985). As regards the instant situation, section 546(b) means that the Law Firm may enforce its attorney's lien in the judgment proceeds with priority over the trustee to the same degree its lien would have been effective as against a judicial lien creditor. Thus although the judgment became property of the estate as of May 23, 1985, the Law Firm already had a charging lien in any money due the Debtor which automatically attached to the judgment proceeds when they came into existence in June 1986. Because the Law Firm's attorney's lien related back to the time of its involvement in the state collection case, its interest in the judgment proceeds pre-dated the interest of the trustee and is paramount thereto.

In conclusion, it is this court's opinion that the Law Firm had a valid attorney's lien under section 35–20–08 of the North Dakota Century Code as of the date of the petition filing in all money owed by Lind-

say to the Debtor to the extent of the fee owing them by the Debtor.

Accordingly, IT IS ORDERED that summary judgment be entered in favor of the defendants, Jonathan C. Eaton, Nevin Van de Streek, and Michael Ward Law Firm, and against Phillip D. Armstrong for the sum retained by them as a contingent fee.

JUDGMENT MAY BE ENTERED ACCORDINGLY.