Argued 5 December, 1899; decided 15 January, 1900.

## STODDARD *v.* LORD.

[59 Pac. 710.]

EXTENT AND ENFORCEMENT OF ATTORNEY'S LIEN.—An attorney's lien that has been perfected against a judgment in a law action for services rendered therein extends to and covers a decree obtained in a suit supplemental to the action and intended to provide a fund for the payment of such judgment even though the notice of the lien is not served or filed in connection with the decree.

From Multnomah : E. D. SHATTUCK, Judge.

This is a summary proceeding to compel the clerk of the trial court to issue an execution. The facts are, that one Otto Morrell recovered a judgment in the Circuit Court of Multnomah County, on May 3, 1893, for $10,000 against Joseph Miller, and the judgment was duly entered on the judgment lien docket on the day of its rendition. Before the recovery of the judgment, however, Miller had transferred his property to divers persons, and on the twentieth of May, 1893, Morrell, through the same attorneys who had represented him in recovering the original judgment (and who are the petitioners here), commenced a suit in equity against Miller and one Charles F. Lord with several other persons, to set aside the conveyances executed by Miller, and subject to the satisfaction of the judgment the property thereby conveyed. Such proceedings were had in the equity suit that on

October 19, 1893, a decree was entered in favor of Morrell
for a part of the relief sought, which included a personal
decree against Lord.    An appeal from this decree resulted
in a slight modification, but there still remained a per-
sonal decree against Lord in favor of Morrell : *Morrell* v.
*Miller*, 28 Or. 354 (43 Pac. 490 and 45 Pac. 246).    After
the rendition of the decree E. B. Watson, J. R. Stoddard,
and Edw. Mendenhall, who had represented Morrell in
the original action, gave notice of their lien for compen-
sation that had been specially agreed upon, and such
notice was entered in the judgment lien docket, and be-
came a lien upon any sum that might be realized under
said judgment.    A mandate having been sent down upon
Lord's appeal, the trial court, on April 23, 1896, entered
a decree against Lord as directed in the *remittitur*, and
the same was docketed and became a lien upon his prop-
erty.

On May 11, 1897, for the expressed consideration of
$50, Morrell assigned all his interest in said decree to one
John F. Logan, a memorandum of which was entered in
the judgment lien docket.    Lord thereupon settled with
Logan, and refused a subsequent request of Morrell's
attorneys to pay them the amount of the decree entered
against him in pursuance of the mandate of this court,
which was less than the amount of compensation claimed
under their lien.    James R. Stoddard and Edw. B. Wat-
son thereupon instituted this proceeding to compel the
issuance of an execution against Lord for the amount of
such decree.    The issues having been made up and a final
hearing had, the court directed the clerk to issue the exe-
cution as requested, whereupon Lord appealed.

AFFIRMED.

For appellant there was an oral argument by *Mr. Charles
F. Lord in pro per.*, with a brief over the name of *Thad. S.
Potter* to this effect :

The court had no jurisdiction of the subject-matter of this suit because this proceeding is in the nature of a bill of revivor, or bill of review, which is by the law of this state expressly abolished : Hill's Ann. Laws, §§ 381 and 401.

The question here is : Does an attorney's lien served and filed upon a judgment in an action at law attach to a decree in equity in a suit where the same party was plaintiff, but several other persons were defendants? I think not. The attorney's lien is a creation of statute and can exist only as it is there created : Hill's Ann. Laws, § 1044 ; *Day* v. *Larsen*, 30 Or. 247 ; *Alderman* v. *Nelson*, 101 Ind. 255 ; *Ward* v. *Sherbondy*, 96 Iowa, 477 (65 N. W. 413) ; *Phillips* v. *Germon*, 43 Iowa, 101.

For respondent there was an oral argument by *Mr. Edw. B. Watson in pro per.*, with a brief by *Mr. Benjamin B. Beekman* to this effect :

The suit in equity was simply auxiliary and supplemental to the action at law. The effect of the personal decree against Lord was that he pay a certain amount on the judgment in the law action ; and was simply the providing of a fund for the satisfaction of that judgment. The amount was payable to the holders of that judgment only, and was therefore covered by the attorney's lien on that judgment : *Clark* v. *Sullivan*, 3 N. D. 280 (55 N.W. 733) ; *Leighton* v. *Servison*, 8 S. D. 350 (66 N. W. 938) ; *Barnes* v. *Taylor*, 30 N. J. Eq. 467 ; *Hobson* v. *Watson*, 34 Me. 20 (56 Am. Dec. 632) ; *Newbert* v. *Cunningham*, 50 Me. 231 (79 Am. Dec. 612).

The lien of an attorney on a judgment for his fees is perfect as against an assignee of such judgment without notice of the lien to the assignee. No notice to Logan was necessary : 3 Am. & Eng. Enc. Law (2 ed.), p. 472 ;

*Sexton* v. *Pike*, 13 Ark. 193 ; *Heartt* v. *Chipman*, 2 Aik. (Vt.) 162 ; *Renick* v. *Ludington*, 16 W. Va. 398.

Appellant's argument proceeds upon the theory that the judgment in the action and the decree in the suit are separate and distinct, and that, therefore, the attorney's lien, having been filed on the judgment, does not extend to or embrace the decree. The suit was purely supplemental to the action and was intended solely to provide a fund for the payment of the judgment to bring the property under the operation of the judgment. The case at law come clearly within the North Dakota, South Dakota, Maine, and New Jersey decisions cited above. The lien extended to and covered the decree, for the suit was a mere incident to the action, equity being resorted to to enable plaintiff Morrell to enforce and satisfy his judgment against defendant Miller. The authorities cited by appellant are not applicable to the present case, for the lien had been properly perfected, and covered not only the judgment itself but all the incidents thereto, including the personal decree against appellant in the supplemental suit. The decree provided a fund for the payment of the judgment, and payment thereof could be made only to the holders of the judgment. We submit that respondents fully complied with the statutory requisites in perfecting their lien, and that the order of the court below was entirely proper and correct.

Mr. JUSTICE MOORE delivered the opinion of the court.

Appellants' counsel contend that, notice of the attorney's lien having been given in the suit, their client is protected in his payment to Logan of the amount awarded by the decree ; while respondents' counsel maintain that the suit to set aside the conveyances, and to subject the property to the payment of the judgment, was only aux-

iliary to the action, and that the notice which was given, that a lien was claimed upon the money in the hands of the adverse party to said action, was a notice to the parties in the suit.    The statute gives a lien to an attorney for his compensation, upon money in the hands of the adverse party, from the time of giving notice of the lien to such party : Hill's Ann. Laws, § 1044.    The notice was given prior to the rendition of the decree in this court, and it remains to be seen whether it operated as notice to the parties in the suit.

An attorney's lien for compensation is a creature of the statute, and the benefits to be derived therefrom are obtained only by a strict compliance with its provisions : *Day* v. *Larsen*, 30 Or. 247 (47 Pac. 101).    The lien, when it attaches to money in the hands of the adverse party, is, in effect, an equitable assignment *pro tanto* by the client to his attorney of. so much thereof as may be necessary to satisfy his demand for services performed in securing the fund.    In *Clark* v. *Sullivan*, 3 N. D. 280 (55 N. W. 733), plaintiff secured a judgment in a justice's court against one Mead, who appealed therefrom to the district court, and Sullivan became surety on the undertaking for the appeal, agreeing that he would pay any judgment which might be rendered against Mead in said action. The judgment having been affirmed, plaintiff's attorney entered his notice of lien in the judgment book opposite the entry of judgment.    Mead having no property to apply on the judgment, Clark commenced an action against Sullivan on the undertaking, and the latter set up as a counterclaim a judgment rendered against plaintiff in favor of Fairbanks, Morse & Company, which had been assigned to him prior to the commencement of the latter action.    Plaintiff's attorney intervened, claiming that his lien took precedence of the judgment against his client, and it was held that the lien embraced, not only the judg-

ment rendered in the action to recover such money, but also the undertaking for the payment of such judgment. So, too, in *Leighton* v. *Serveson*, 8 S. D. 350 (66 N. W. 938), it was held that an attorney, by perfecting his lien, obtained an interest in the judgment and in the cause of action on the appeal bond which was not affected by a subsequent assignment of plaintiff's interest in the judgment to one of the sureties in the undertaking. By the suit to subject Miller's property in Lord's hands to the payment of Morrell's judgment, Lord became a party to the original judgment, and a notice of lien, having been properly filed therein, attached to the fund in his hand. No error was therefore committed in ordering the clerk to issue execution, and hence it follows that the judgment is affirmed.                                        AFFIRMED.