JOHN ROBERT WHITWELL, Appellant, v. THE CITY OF AURORA, Respondent.

Springfield Court of Appeals, December 6, 1909.

1. PLEADING: Practice: Judgment on Pleadings: Unverified Denial of Written Instrument. Where the answer sets up a written release signed by the plaintiff and the reply contains a general denial not sworn to, and the plea of confession and avoidance, the general denial, not being verified by affidavit, did not put in issue the execution of the written release and did not raise any issue for the further reason that it was followed by the special plea of confession and avoidance. In such case, where the plea in confession and avoidance is insufficient, a motion for judgment on the pleadings should be sustained.

2. ———: ———: **To Set Aside a Release, Money Should Be Returned.** In an action for damages, where the answer sets up a release and settlement and the payment of a consideration therefor, and the reply confesses said release but seeks to avoid and to set the same aside, the failure of plaintiff to offer to return the money paid for the release concludes him from avoiding the same.

3. **ATTORNEY'S LIEN: Notice Not Necessary: Unaffected by a Settlement Between Parties.** Under the first section of the "Attorneys Lien Act" as found in the laws of 1901, an attorney who has brought suit and caused summons to be served has a lien upon his client's cause of action whether he gave the notice provided for in the second section of said Act or not; and this lien cannot be affected by any settlement between the parties.

4. ———: **Attorney Cannot Prevent Settlement Between Parties.** An attorney's lien does not give the attorney a right to stand in the way of a settlement between the parties, and in no manner deprives the party of the right to control his own case and to say when the litigation shall cease.

5. ———: **Remedy: Settlement: True Consideration Governs Attorney's Interest.** Where the true consideration of the settlement is not contained in the release executed, this would not be binding on the attorney but he would be entitled to his part of the true consideration and could maintain an independent action therefor, or can carry forward the regular suit to determine the amount of his lien.

Appeal from Lawrence Circuit Court.—*Hon. F. C. Johnston*, Judge.

AFFIRMED.

*Oscar B. Elam* for appellant.

(1) Allegations of fact in motions do not prove themselves but must be supported by evidence. Dougherty v. Whitehead, 31 Mo. 225; State v. Brown, 119 Mo. 527. (2) The motion for judgment on the pleadings was in the nature of a demurrer to plaintiff's reply. At any rate to the extent that it admitted all facts well pleaded in the reply. Sternberg v. Levy, 159 Mo. 617; Todd v. Railroad, 33 Mo. App. 110. (3) Contracts which are opposed to open, upright and

fair dealing are opposed to public policy.   Corder v.
O'Neill, 207 Mo. 646; Atlee v. Fink, 75 Mo. 103; Rich-
ardson v. Cranddall, 48 N. Y. 348; Ball v. Putnam,
123 Cal. 134, 55 Pac. 773; Attaway v. National Bank,
93 Mo. 485; McDearmott v. Sedgwick, 140 Mo. 178;
Musser v. Alder, 86 Mo. 445; Moore v. Ringo, 82 Mo.
468; Harrison v. McClurney, 32 Mo. App. 489; Bick
v. Seal, 45 Mo. App. 475; Parsons v. Randolph, 21 Mo.
App. 353; Porter v. Jones, 52 Mo. 399; Bishop on Con-
tracts, Enlarged Edition, secs. 473, 474, 475, 476, 478,
489; Turley v. Edwards, 18 Mo. App. 682; Davis v.
Luster, 64 Mo. 43; Cheltenham Fire B. Co. v. Cook, 44
Mo. 30.

*James A. Potter* for respondent.

(1) Appellant admitted the execution of the re-
lease pleaded by respondent when he failed to verify his
reply by affidavit.   Section 746, Revised Statutes 1899.
(2) Where the voluntary execution of a release is ad-
mitted and a party seeks to set the same aside because
of fraud practiced, the consideration received under
such release must first be tendered to the party entitled
to it in court.   Alexander v. Railroad, 54 Mo. App. 66;
Cahn v. Reid, 18 Mo. App. 122; Wertheimer v. Bank,
56 Mo. App. 662; Jarrett v. Morton, 44 Mo. 275; Estes
v. Reynolds, 75 Mo. 563; Robinson v. Siple, 129 Mo. 208;
Och v. Railroad, 130 Mo. 27; Taylor v. Short, 107 Mo.
384; Phares v. Lumber Co., 118 Mo. App. 546; Althoff
v. Transit Co., 102 S. W. 642; Hancock v. Blackwell,
139 Mo. 453; Carson v. Smith, 133 Mo. 606.   (3) No
release was ever set aside in Missouri because it was
obtained without the consent of counsel.   Sec. 4937,
S. A. 1901, p. 46.   (4) If any fraud was practiced
in procuring the settlement herein appellant is equally
guilty with respondent.   In fact, appellant pleads his
own fraud.   Where parties are equally guilty the courts
will leave them where it finds them.   No man can take
advantage of his own wrong, and he who seeks equity

must do equity. If appellant wishes to set aside the release he must first do equity and return the fruits of the release. Liuthan v. Stillwell, 73 Mo. 492; Feld v. Roanoke Inv. Co., 123 Mo. 603; Morrison v. Juden, 145 Mo. 282; McNear v. Williams, 166 Mo. 358.

GRAY, J.—This is an action for damages for personal injuries alleged to have been sustained by plaintiff in December, 1907, by falling on an alleged defective sidewalk of defendant city.

The answer was a general denial, followed with the further defense that after the suit was brought, and prior to filing the said answer, plaintiff, in consideration of the sum of $100 to him in hand paid, the receipt of which was acknowledged, executed the following release:

"Know all men by these presents, That, I, the undersigned, J. R. Whitwell, in consideration of the sum of One Hundred Dollars ($100.00) to me in hand paid by the City of Aurora, Missouri, the receipt of which is hereby acknowledged, do hereby fully release and forever discharge the said City of Aurora, from any and all actions cause of actions, claims and demands, for, upon or by reason of any damage, loss or injury which heretofore have been, or which hereafter may be sustained by me in consequence of injury suffered and received by me while walking on the brick sidewalk on Madison Avenue in Aurora, Missouri, in front of the Anable building in said city, on or about the Saturday night next before Xmas in December, 1907, said injury being received by falling on said walk by reason of slipping on said walk or stepping in a hole therein, and injuring my back, spine and left hip.

"It is further agreed and understood that the payment of the above sum of money by said City of Aurora, is not an admission of any liability whatever on the part of the City in consequence of the above described accident and injury, but is made solely for the purpose

of buying its peace with claimant and compromising any claim arising out of said accident.

"In Witness Whereof, I have hereunto set my hand this 25th day of June, A. D. 1909.

his

(Signed) J. R. (x) WHITWELL."

mark

Plaintiff replied with a general denial of the allegations contained in the answer, and further alleging that the plaintiff was permitted by the court to prosecute the action as a poor person, and that the plaintiff employed Oscar B. Elam, an attorney at law, to prosecute the action for him; that said attorney had instituted the action and caused the service of summons to be had upon defendant, all of which defendant well knew, but after the institution of said suit, plaintiff and said attorney entered into an agreement by which the compensation of the attorney for services rendered in said cause should be fifty per cent of any sum realized from a settlement of the action; that afterwards plaintiff and defendant entered into an agreement by which they secretly sought to settle and adjust the demand of plaintiff without the knowledge or consent of the court or said attorney, and without making any provision for the payment of the costs of the officers or said attorney, and in pursuance of said agreement between the plaintiff and the defendant, and for the purpose and with the intent of defrauding said officers and said attorney, the plaintiff did execute and deliver to the defendant the instrument set out in defendant's answer as a release against the defendant; that said agreement was immoral against public policy and void; that the actual damages of plaintiff were $5,000, and that the said attempted settlement was for a consideration so inadequate as to shock the conscience, and therefore against public policy and void.

While the issues were standing as above stated, the defendant filed a motion for judgment on the plead-

ings, which was by the court, sustained, and the plaintiff appealed to this court.

The execution of the release set forth in the answer stood admitted at the time the court rendered judgment on the motion. [R. S. 1899, sec. 746.]

It is true the reply consisted of a general denial and a confession and avoidance of the release set forth in the answer. Appellant claims that while this general denial was standing, the court could not render judgment on the pleadings. In this he is wrong, for two reasons: First, the general denial not being verified by affidavit, did not put in issue the execution of the release; second, the general denial does not raise an issue, where it is followed by a special plea of confession and avoidance. [State ex inf. v. Delmar Jockey Club, 200 Mo. l. c. 65, and cases there cited.]

The release contained in the answer acknowledged receipt by plaintiff of $100, in settlement of his alleged cause of action. With the issues standing, on the petition and answer the defendant was entitled to judgment, unless a reply was filed putting in issue the execution of the release, or alleging other matter sufficient to avoid it. The only reasons assigned for avoiding the release, are, that the defendant knew that the plaintiff was prosecuting his suit as a poor person, and that he had hired an attorney to represent him, and that the settlement alleged in the answer was made between the plaintiff and defendant to settle the cause of action and avoid the payment of costs due the officers in the case and the fees of plaintiff's attorney.

The reply did not contain allegations that plaintiff's attorney had complied with the second section of the Act of 1901, giving attorneys' liens for compensation for services rendered. It will be noticed that it is not claimed any fraud was practiced upon the plaintiff, who now seeks to have the release set aside. In fact he admits that he was equally guilty with the de-

fendant in attempting to perpetrate a fraud, if any, in the settlement of the cause.

Under the first section of the "Attorneys' Lien Act," as found in the Laws of 1901, an attorney, who has brought suit, and caused summons to be served, has a lien upon his client's cause of action, whether he gives the notice provided in the second section of said act or not. And this lien cannot be affected by any settlement between the parties. [Wait v. Railroad, 204 Mo. l. c. 501.]

It has repeatedly been held by the courts of this State, as well as the court of New York, from which our statute is largely copied, that the existence of such lien does not confer on the attorney any right to stand in the way of a settlement which may be desired by the parties. The attorneys' lien in no manner deprives a party of the right to control the management of his own cause and to say, without consulting his attorney, when the litigation shall cease. The client, notwithstanding the "Attorneys' Lien Law," remains the owner of the cause of action, and is not bound to continue it for the benefit of' his attorneys. The lien operates only as a security for the attorneys' legal claim. While this is true, any settlement made by the plaintiff without the consent of his attorney, in no wise disposes of the attorney's lien for his fees, whatever they may be. Therefore, in this action, the defendant at the time it accepted the release executed by plaintiff, was bound to know that the plaintiff's attorney was interested, had a lien for fees and that no release executed by the plaintiff could release the fees allowed the attorney under the statutes of this State.

If, as alleged in the reply, the true consideration for the settlement is not contained in the release executed, this would not be binding on the attorney, but he would be entitled to his part of the true consideration, and could institute and maintain an independent action against the defendant therefor. [Wait v. Rail-

road, supra.] And under the authorities reviewed and approved by Judge LAMM in the case of Wait v. Railroad, above cited, the attorney might have interfered in the case to the extent of pressing the suit forward to ascertain and determine the amount of his lien. But this was not done or attempted. The plaintiff, himself, without any fraud being practiced upon him, had entered into an agreement in writing, executed in due form, acknowledging the receipt of $100, released and settled his cause of action against the defendant, and when he was confronted with this release, without offering to return the money paid to him, asked to have the release set aside for his use and benefit, on the ground that he entered into it for the purpose of defrauding his attorney out of his fees, and the officers of the court out of their costs, and on the ground that such contract and settlement are opposed to public policy. We believe, in order to make this plea good, he should have offered to return the money paid to him.

In the cause of Wiggins Ferry Co. v. Railroad, 73 Mo. 411, the Supreme Court said: "The salutary rule that a contract against public policy or interest will not be enforced, was adopted to conserve the best interests of society and the State, and a party who invokes it as a shield behind which to hide and protect himself against the damages attachable to the breach of a contract, especially when such party is in the full and free enjoyment of all the fruits of the contract, must make it clearly manifest to the mind of the court that the obligations imposed by it are condemned by the rule. In the case of Bryant v. Fairfield, 51 Me. 146, it was held that it is not for a party who retains the consideration of the contract, to invoke the rule that the contract is against the policy of the law. While not willing to go to the extent of that case and say that a party in the enjoyment of all he was to get in consideration of a promise made by him to another, should not be allowed, when sued for a breach of such promise,

to plead that it was against public policy, we may safely say, without infringing upon any rule of common honesty, justice or right, that to make such plea effectual, he should restore, or be required to restore, all that he received as a consideration for the promise which he thus seeks to avoid."

If the plaintiff asked the court to relieve him from a contract he had entered into and upon which money had been paid to him, then it was necessary for him to return or offer to return, the money paid.

In discussing this question, the Supreme Court, in the case of Althoff v. Transit Co., 204 Mo. l. c. 170, quotes approvingly from the following clear statement of the rule made by Judge BLISS: "If the plaintiff would repudiate the settlement, he must put the other party in the same condition he was before it was made. He cannot appropriate its benefit and deny its obligations. There never was but one doctrine upon this subject, and the books are full of decisions that if a party would rescind a contract for fraud or other cause, he must, as far as it is in his power, put the other party in the condition he would have been in had the contract not been made. Before commencing proceedings on his original claim, the plaintiff should tender back the note he received of defendant—should have repudiated the settlement—and then he would have been at liberty to impeach it if set up against his claim."

There are some other reasons assigned by appellant for a reversal of the judgment, but in our opinion, the failure of the plaintiff to pay, or offer to pay, what had been paid to him for the release he admits he executed, precludes him from avoiding the same, and the trial court was bound to render the judgment it did, and therefore, the same is affirmed.' All. concur.