WILLIAMS v. NEW ENGLAND SECURITIES COMPANY.

Opinion delivered January 18, 1926.

1. LIENS—EFFECT OF STATUTE.—When the Legislature enlarges a common-law lien or changes a statutory lien, its definition of a lien in the later statute supersedes the definition in the former statute and the construction of the court upon it, and thereafter the exercise of the powers of the court with respect to the lien must be consistent with the language used in the later statute.

2. ATTORNEY AND CLIENT—ENFORCEMENT OF ATTORNEY'S LIEN.—Under Crawford & Moses' Dig., §§ 628, 629, an attorney who took no steps to enforce his lien in a suit in which he recovered judgment for his client is in no condition to enforce it as against one who subsequently acquired an interest in the property recovered in the former suit.

Appeal from St. Francis Chancery Court; *A. L. Hutchins,* Chancellor; affirmed.

STATEMENT BY THE COURT.

This is an intervening petition for the establishment of a lien for attorney's fees filed by leave of the court by R. J. Williams in the case of New England Securities Company against Paul Y. Gibson and Nina H. Gibson in the chancery court of St. Francis County, Arkansas.

The original suit in which the petition was filed is a suit in equity against Paul Y. Gibson to foreclose a mortgage on a certain tract of land in St. Francis County, Ark. The petition is based upon the fact that on the 21st day of December, 1921, the defendant, Paul Y. Gib-

son, employed the intervener as an attorney to foreclose a lien on the real estate in question in this suit to secure the payment of an indebtedness owed him by T. H. Tucker for the purchase price of said land. It was agreed between said Gibson and Williams that the intervener should be paid the sum of $437.50 for his services as an attorney in foreclosing said vendor's lien. The intervener procured a decree ordering said land to be sold in payment of the purchase money found to be due said Gibson, and the latter became the purchaser at the sale under said decree. Paul Y. Gibson paid the intervener $200 on account of his attorney's fees, and there is now due and unpaid the sum of $237.50 as a balance of said attorney's fees, for which the intervener claims that he is entitled to a lien upon said land.

Subsequently Paul Y. Gibson became indebted to the New England Securities Company, and executed a mortgage in its favor on said land to secure the payment of said indebtedness. The New England Securities Company brought suit in the St. Francis Chancery Court against Paul Y. Gibson on the 7th day of June, 1924, to foreclose the mortgage. The intervening petition was filed by R. J. Williams on the 24th day of July, 1924, and it does not appear from the record that said R. J. Williams took any steps to establish his attorney's lien in the case in which it was claimed the fee was earned.

The chancellor sustained a demurrer to the intervening petition, and the intervening petition of said R. J. Williams was dismissed for want of equity.

To reverse this decree, this appeal has been duly prosecuted.

*C. W. Norton,* for appellant.

*Roy D. Campbell,* for appellee.

HART, J., (after stating the facts). The decision of the chancellor was right. We do not regard the cases cited by counsel for appellant as having any controlling effect under our present attorney's lien statute. When the Legislature enlarges a common-law lien or changes

a statutory lien, its definition of a lien in the later statute supersedes the definition of the former one and the construction of the court upon it; and thereafter the exercise of the powers of the court with respect to the lien must be consistent with the language used in the later statute.

The Legislature of 1909 passed an act to provide for an attorney's lien and its enforcement, and the first two sections of the act constitute §§ 628 and 629 of Crawford & Moses' Digest.

Section 628 reads as follows: ''The compensation of an attorney or counsellor at law for his services is governed by agreement, express or implied, which is not restrained by law.  From the commencement of an action or special proceeding, or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action, claim, or counterclaim which attaches to a verdict, report, decision, judgment or final order in his client's favor and the proceeds thereof in whosesoever hands they may come; and the lien cannot be affected by any settlement between the parties before or after judgment or final order.''

Section 629 is as follows: ''The court before which said action was instituted, or in which said action may be pending at the time of settlement, compromise, or verdict, upon the petition of the client or attorney, shall determine and enforce the lien created by this act.''

Under a statute like ours, it has been held that the lien of an attorney rests on the theory that he is regarded as an assignee of the judgment to the extent of his fee from the date he has complied with the statute in establishing it.  This court has held that the act creates a lien upon the cause of action in favor of the attorney and requires the defendant and other persons claiming under him to take notice of the lien in the same court in which the original action was instituted, or in which said action may be pending at the time of the settlement, compromise, or verdict.  *St. L. I. M. & S. R. Co.* v. *Hays & Ward,* 128 Ark. 471.

.It does not appear from the record that the intervener complied with the statute at all. The fee for which the intervener has a lien as attorney was earned in a suit filed by Paul Y. Gibson against T. H. Tucker to foreclose a vendor's lien on the land in question in this suit. A decree of foreclosure was obtained in the chancery court on the 26th day of January, 1922, and under the sale pursuant to the decree, Paul Y. Gibson became the purchaser of the land. The intervener made no attempt whatever to assert his lien in that suit, and, not having attempted to enforce it in the manner provided by the statute, he cannot assert it against a third party who subsequently acquired an interest in the land. Gibson subsequently mortgaged the land, as he had a right to do, to the New England Securities Company to secure an indebtedness which he owed it, and that company was not required to make inquiries to see if Gibson owed the intervener anything for foreclosing his vendor's lien upon the land against T. H. Tucker in the chancery court. It was only required to examine the record in that case to see if the intervener had attempted to enforce his lien as required by the statute. The record in that case did not show that the intervener had filed an attorney's lien or in any way attempted to enforce such lien.

Therefore, the appellee had a right to take a mortgage on the land from Gibson free of any attorney's lien of the intervener, and, by the execution of the mortgage to it from Gibson, appellee secured rights superior to those of the intervener in the matter of enforcing his attorney's lien.

It follows that the decree will be affirmed.