CHRISTINE BERRUM AND ANDERSON P. BERRUM,
APPELLANTS, *v*. CLEL GEORGETTA, RESPONDENT

No. 3266

September 5, 1939.                    93 P. (2d) 525.

## OPINION

By the Court, DUCKER, J.:

This is an action to recover an attorney fee alleged to have been earned by respondent as attorney for the appellant, Christine Berrum, in an action for divorce instituted by her. Her husband was joined in the instant action. The court found that the reasonable value of the legal services rendered by the attorney to said Christine Berrum was the sum of $1,500, and awarded judgment accordingly against her and her codefendant. Both have appealed from the judgment and order overruling their motion for a new trial. They will sometimes be referred to as husband and wife.

The facts about which there is no dispute are as follows: Shortly before her action for divorce came on for trial the wife employed respondent as associate counsel to her attorney in that action. It was understood and agreed that he was to look to her individually for his compensation and was to receive no part of any counsel fees that might be awarded by the court in the action against her husband. From the time of his employment throughout the trial and for several days after judgment was entered, respondent acted as her associate

counsel in the case. By that judgment a divorce was denied. Pursuant to the consent of the husband it was adjudged therein that the husband return to the wife the sum of $6,450 principal and interest of certain moneys, the separate property of the wife; that he pay her $2,000 to be used by her as she wished; that he pay to her the sum of $8,000 to be expended in the construction of a modern home, said sum to be deposited to her credit in the First National Bank in Reno, Nevada, or such other responsible bank as she might select on or before the first day of July 1937; and that he pay to her the sum of $200 a month for the months of March, April and May 1937, the sum of $150 a month for the twelve months commencing with the first day of June, 1937, the sum of $175 a month for the twelve months commencing with the first day of June 1938, the sum of $200 a month for the twelve months commencing with the first day of June 1939, and a like sum monthly thereafter so long as she shall live, or until there shall be a division of the community property, all of said monthly sums being for support and maintenance. It was further adjudged that she have a life estate in an improved parcel of land in Reno, the same to become her separate property if she should elect to construct a new home on said parcel of land. She was awarded her costs.

At the final hearing in the foregoing action the court allowed her original counsel an attorney fee and at that time respondent stated in the presence of the husband and his attorney that he was to be paid by the wife personally and therefore it would not be proper for the court to make any allowance of attorney fee in the action to him, but that any allowance of attorney fee in the action should be made to compensate the original attorney, William M. Kearney, who should receive all of the attorney fee so decreed. On the 3d day of May 1937 there was personally served upon the husband a written notice of attorney's lien for his services to his client in the action. Previously, on the 23d day of March 1937

a similar service of said notice of lien was made upon the husband's attorney in the action. On or about August 13, 1937, the husband paid to the clerk of the court, who in turn paid to one James T. Boyd, who at that time represented the wife as her attorney, the sum of $8,450, being the total of $6,450 and $2,000 heretofore mentioned. The wife having refused to pay respondent the sum claimed by him for his services as her attorney in her action for divorce, the instant action was instituted.

It is alleged in the complaint that on or about the 18th day of April 1936 he had been employed by said Christine Berrum as additional counsel to represent her in her action for divorce and for an equitable distribution of community and separate property; that on or about the 10th day of March 1937 they agreed upon the amount to be paid by her to him as compensation for his services; and at that time agreed that the amount due him from her was $2,000. It was also alleged in his complaint "that from that time forward (time of employment), plaintiff (respondent here) spent many hours of time in consultation with said Christine Berrum, with said William M. Kearney, her other attorney, in the cause, with prospective witnesses, and in an examination of the law, culminating in the trial of the action, which began on the twenty-eighth day of April 1936 and continued with the plaintiff's appearance in court on behalf of said Christine Berrum for a period of approximately twenty-four (24) days." Notice by the husband of respondent's lien for an attorney fee on the wife's cause of action and the subsequent payment through the former's attorney to the clerk of the court of the first two sums mentioned in the judgment amounting to $8,450 and the payment thereof to an attorney who was then acting for the wife, are also alleged in the complaint.

In her separate answer the wife admitted the employment alleged, and that respondent had rendered services on such employment, but denied that they had agreed upon the sum of $2,000 as the amount of compensation

for his services. It was alleged that the same was excessive, and the sum of $1,000 was tendered in her answer, in full settlement of his claim and costs.

Appellants make the following assignments of error:

(1) The court erred in overruling their objection to the hypothetical question asked of the witness Cantwell.

(2) The court erred in making the finding as to the reasonable value of the professional services rendered by the respondent, said finding being outside the cause of action stated in the complaint.

(3) The judgment for the reasonable value of respondent's services is outside of the issue and is not supported by the pleadings.

■■ The second and third assignments may be considered together, as they involve the same question. It is contended that as the cause of action in the complaint is predicated upon an express promise to pay an agreed amount, the finding of the reasonable value of repondent's services, and judgment based thereon, are outside the issue and void.

But the complaint is not so restricted. In our opinion its allegations as above set out, are sufficient to enable the respondent to recover the value of the services rendered, independently of an agreed price. The common law rule for construing pleadings has been succeeded by a fairer rule of code practice. "In the construction of a pleading for the purpose of determining its effect, its allegations shall be liberally construed, with a view to substantial justice between the parties." Section 8621 N. C. L. The statement of facts in the complaint is not deficient in that it is not alleged what the services were reasonably worth, Maitia v. Allied L. & L. Co., 49 Nev. 451, 248 P. 893; nor for the lack of an averment of a promise to pay such value. The facts raising such an implied promise are stated and the legal inference was properly omitted. The statement of an agreed price does not negative the statement of a quantum meruit. As stated in Sussdorff v. Schmidt et al., 55 N. Y. 319: "The complaint contains sufficient averments to enable the

plaintiff to recover the value of the services rendered, without reference to the allegation of an agreed compensation."

In Livingston v. Wagner, 23 Nev. 53, 42 P. 290, 291, the action was to recover the value of goods and merchandise, and there was an allegation in the complaint of an agreed price. The court held that it was competent for the plaintiff to prove the value of the goods. The court said: "The complaint states a good cause of action to recover the reasonable value of goods sold and delivered to the defendant, at his special instance and request, independently of the allegation of an agreed price. This allegation cuts no figure in the case, except to prevent a recovery for any greater sum than the price alleged."

■ However, if the action be regarded as one to recover an agreed price, the judgment should nevertheless be sustained. Considered in that aspect the case presents only such a variance as under our law should be disregarded. Section 8636 N. C. L. provides in part: "No variance between the allegations in a pleading and the proof is to be deemed material, unless it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits."

It is not contended that appellants were misled, and it is apparent that they were not. From the nature of the case, testimony as to reasonable value was readily procurable, but none was offered by appellants. No objection was interposed to the testimony as to the reasonable value of respondent's services on ground that such issue was not within the pleadings.

In Sussdorff v. Schmidt et al., supra, the contention that the complaint being upon a contract for a specific sum, recovery could not be had upon a quantum meruit was made and held untenable. The court cited code section 169 of the New York code, which corresponds with section 8636 quoted above. The court said: "At most it was only a variance between pleading and proof,

which might be disregarded unless it misled the defendants, which was not pretended. * * * This objection was not taken at the trial. * * * The attention of the court should have been called to the point, as, if valid, it might have been obviated by an amendment."

The case of Burgess v. Helm, 24 Nev. 242, 51 P. 1025, 1026, is in line with the ruling of the New York court. The action in Burgess v. Helm, supra, was to recover compensation for labor and services, and the plaintiff obtained a judgment which was affirmed. The court said: "If the claim on which this action was brought be regarded as a claim based on an express agreement, and for an agreed rate of compensation for the services performed, a recovery by the plaintiff upon proper proof of the services and of their value must be sustained. At most, it would only be a variance between the pleading and proof, which might be disregarded unless it misled the defendant to his prejudice, which is not pretended, but counsel for defendant admitted in open court below that he was not misled."

In Abbott's Trial Ev. 367, the author says: "Under an allegation of a contract to pay a specific rate of compensation, plaintiff may prove a promise to pay what the services were reasonably worth, or an implied promise to pay usual compensation. The variance is immaterial if the defendant is not misled; especially where there are sufficient averments to enable him to recover without reference to the allegation of an agreed compensation."

The finding of the reasonable value of respondent's services is within the cause of action stated in the complaint and supports the judgment.

It is contended in the reply brief that the court erred in overruling appellant's objection to the inclusion of certain items embraced in the hypothetical question propounded to Charles A. Cantwell, an attorney at law called by respondent as an expert to testify to the reasonable value of respondent's services. The objection

went to all of the sums awarded to Christine Berrum in the action for divorce, except the sum of $6,450 awarded her as her separate property. The argument is that a divorce having been denied the court had no jurisdiction to award the sums stated in the hypothetical question and objected to; that these sums having been given by consent of the husband were gifts and not obtained by reason of any legal services rendered Christine Berrum by respondent.

It would have been far more satisfactory to this court if the foregoing contention and argument had been made in the opening brief. However, we are not prepared to say that the items objected to were not properly in the hypothetical question. Counsel does not contend that the $6,450 was not properly a part of the question and practically concedes that it was subject to an attorney's lien. Regardless of the other items being by consent they were proportionately as beneficial to the appellant wife as the former item, and we may not say with any degree of certainty that they were not in some measure the result of respondent's services.

■ The contentions that the judgment against Berrum is illegal because it is nowhere alleged in the complaint that he promised or agreed to pay respondent an attorney fee and that said complaint does not present an action to foreclose an attorney's lien, are not embraced in any assignment of error and will not be considered. Sherman v. Shaw, 9 Nev. 148; Boynton v. Longley, 19 Nev. 69, 6 P. 437, 3 Am. St. Rep. 781. Moreover, counsel for respondent stated, and so far as we have been able to ascertain, these points were not made in the court below.

The judgment and order denying a new trial are affirmed.

ON PETITION FOR REHEARING

December 13, 1939.

*Per Curiam:*

It is ordered that a rehearing be granted herein limited to a consideration of the questions raised by the

contentions that the judgment against Anderson P. Berrum, appellant, is illegal because it is nowhere alleged in the complaint that he promised to pay respondent an attorney fee, or that respondent performed services for him, and that said complaint does not present an action to foreclose an attorney's lien. The time for such rehearing is hereby set for Friday the 29th day of December 1939.

Briefs filed and served at least two days before the rehearing would be appreciated.

## ON REHEARING

February 2, 1940.                    93 P. (2d) 479.

## OPINION

By the Court, DUCKER, J.:

A rehearing was granted to consider the following questions:

1. Is the judgment against Anderson P. Berrum illegal because:

a. It is nowhere alleged in the complaint that he promised to pay respondent an attorney fee?

b. It is nowhere alleged in the complaint that respondent performed services for said Anderson P. Berrum?

2. Does the complaint present an action to foreclose an attorney's lien?

■ We did not determine these points made by appellants in our original opinion because they had not been assigned as errors, but as the errors alleged in this respect appear from the judgment roll they should be considered and determined. We do so reluctantly because the questions were not raised in the court below, but belatedly in the reply brief in this court.

The first two points are devoid of merit. Counsel for appellants did not give them a passing glance in his brief on rehearing. They may be summarily dismissed.

■ The right of an attorney to enforce an attorney's lien against the judgment debtor does not rest upon the principle of any promise from or services performed for such debtor, but on the statute giving such lien, and on the conduct of the judgment debtor with reference thereto. Consequently, to say the least, such allegations would have been out of place in the complaint.

We pass to the latter question, namely: "Does the complaint present an action to foreclose an attorney's lien?" Counsel for appellants argues that the allegations of the complaint should have been in accordance with the requirements of section 9048 N. C. L. The complaint is not in that form, and we are of the opinion that it need not be.

In part the statute which governs reads: " * * * From the commencement of an action, or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action or counterclaim which attaches to a verdict, report, decision, or judgment in his client's favor and the proceeds thereof in whosesoever hands they may come, and cannot be affected by any settlement between the parties before or after judgment. * * * " Section 8923.

By this statute an attorney is given a lien for his services, and while it does not outline the procedure for its enforcement, we are of the opinion that it was not intended to leave the attorney remediless. No other statute prescribes a remedy.

■ It has been truly said that this lien is peculiar and unlike any other lien known to the law. In re H. C. Roberts Electric Supply Co., 131 Misc. 119, 226 N. Y. S. 211. It is quite generally held that statutes creating such a lien are remedial in character and should be liberally construed in aid of the object sought by the legislature, which was to furnish security to attorneys by giving them a lien upon the subject of the action. 7. C. J. S., Attorney and Client, sec. 208. In so construing the

statute before us we are persuaded that an independent action such as this is maintainable for the enforcement of the lien. 1 Bancroft's Code and Practice Remedies, p. 91 and note 11; 6 C. J. 797, and cases cited in note 30; Walcutt v. Huling et al., 5 Ohio App. 326, affirmed 92 Ohio St. 518, 112 N. E. 1087; Lundy v. Cappuccio, 54 Utah, 420, 181 P. 165. Under this view the complaint before us is sufficient to charge appellant Anderson P. Berrum with liability. It alleges that plaintiff (respondent here) is an attorney at law; that Christine Berrum employed him as her attorney in an action for divorce instituted by her against Anderson P. Berrum, and that services were rendered; that she obtained a judgment against her husband, and the terms thereof; that Christine Berrum agreed to pay plaintiff for his services, the amount thereof, and failed to do so; that Anderson P. Berrum had notice of plaintiff's attorney's lien, and the form and manner thereof; that despite the notice of lien Anderson P. Berrum paid to the clerk of the court for Christine Berrum, $8,450.

The complaint contains a prayer for relief against Christine Berrum and Anderson P. Berrum for the amount of the attorney's lien. The allegations of the complaint brought the action within the purview of the statute giving the lien.

In fact, it has been held that when the statute creating the lien does not require notice, the giving of notice is not essential to the statement of a cause of action; that the statute is itself notice to the world of the lien. Walsh v. Hoskins, 53 Mont. 198, 162 P. 960; Peri v. New York Cent. & H. R. R. Co., 152 N. Y. 521, 46 N. E. 849; In re Flower, Sup., 167 N. Y. S. 778; Whitwell v. City of Aurora, 139 Mo. App. 597, 123 S. W. 1045. As to this we do not decide. Counsel for appellant concedes that the judgment was valid against Christine Berrum, who employed respondent. It is equally valid against Anderson P. Berrum so far as the statement of a cause of action is concerned. He had notice of respondent's lien

against Christine Berrum's cause of action and the money judgment she recovered, but notwithstanding, deprived respondent of the security given by the statute by paying the judgment to the clerk for her. The principle underlying the statute by which Anderson P. Berrum will be held liable is stated in the case of Welsh v. Hole, 1 Dougl. K. B. 238, 99 Eng. Reprint, 155, wherein Lord Mansfield said: "An attorney has a lien on the money recovered by his client for his bill of costs; if the money come to his hands, he may retain to the amount of his bill. He may stop it in transitu if he can lay hold of it. If he apply to the court, they will prevent its being paid over till his demand is satisfied. I am inclined to go still further, and to hold that, if the attorney give notice to the defendant not to pay till his bill should be discharged, a payment by the defendant after such notice would be in his own wrong, and like paying a debt which has been assigned after notice."

■ This principle concerning costs of an attorney has been applied to attorney's compensation in decisions and by statute, and justly. The laborer is worthy of his hire in the field, in the forum of the law, and elsewhere, and security for it is altogether equitable. We are in accord with the very considerable authority to the effect that an attorney who has a charging lien for his services is, to the extent thereof, to be regarded as the equitable assignee of the judgment. In re McCormick's Estate, 182 A. 485, 14 N. J. Misc. 73; Newbert v. Cunningham, 50 Me. 231, 79 Am. Dec. 612; Epp v. Hinton, 102 Kan. 435, 170 P. 987; Grimes Savings Bank v. McHarg, 217 Iowa 636, 251 N. W. 51; Stoddard v. Lord, 36 Or. 412, 59 P. 710; Jacobsen v. Miller, 50 N. D. 828, 198 N. W. 349, 34 A. L. R. 317; Williams v. New England Securities Co., 170 Ark. 139, 278 S. W. 961; Anderson v. Star - Bair Oil Co., 34 Wyo. 332, 243 P. 394. Bancroft Code Practice & Remedies, part 1, chapter V, section 73; 6 C. J. 766, and cases cited in note 81, in support of the text.

■ A judgment debtor therefore who satisfies the judgment, as was done in this case, without regard to the lien, is, as Lord Mansfield phrased it, "in his own wrong and like paying a debt which has been assigned after notice." He does so at his own risk and is liable. 6 C. J. 792 and cases cited in note 64.

A judgment creditor should not be enabled to "run away with the fruits of the cause without satisfying the legal demands of his attorney, by whose industry, and in many instances at whose expense, those fruits are obtained." Anderson v. Star-Bair Oil Co., supra [34 Wyo. 332, 243 P. 398], quoting from Read v. Dupper, 6 Term R. 366, 101 Eng. Rep. 595.

■ Respondent contends that an action could have been maintained against the judgment debtor alone, but we are of the opinion that the judgment creditor was a necessary party here, as the issues involved a determination of her liability to the attorney and the amount thereof.

The judgment and order denying a new trial are affirmed.